IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 112-257 |
| | * | |
| JAMES J. WOODARD | * | |

## O R D E R

Defendant James J. Woodard has filed a pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). After his plea of guilty to conspiracy to commit bank fraud and aggravated identity theft, Woodard was sentenced to serve 36 months of imprisonment on the first count and 24 months on the second count, the terms to be served consecutively for a total of 60 months. The sentence was imposed on September 16, 2014. Woodard did not appeal the conviction and sentence.

Presently, Woodard claims he is entitled to a sentence reduction under Amendment 792 to the United States Sentencing Guidelines. Amendment 792 changed the definition of the "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(10)(C). Prior to the amendment, an offender's base offense level was increased by 2 levels if "the offense otherwise involved sophisticated means." See U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2014). Amendment 792

narrowed the focus of this specific offense characteristic by adding the following language: "and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." See U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 792 (eff. Nov. 1, 2015). Through his motion, Woodard argues that his *individual* conduct does not meet the amended "sophisticated means" definition.

As stated, Woodard was sentenced in 2014, prior to the effective date of Amendment 792. Even assuming Woodard is correct, i.e., that his conduct would no longer qualify him for the "sophisticated means" enhancement, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). There are three exceptions to this general rule. Under the third exception,[1] the one Woodard invokes, a court may modify a sentence once it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, and importantly here, § 3582(c)(2) is only triggered by an amendment listed in U.S.S.G. § 1B1.10(d). ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is warranted, . . . the court shall substitute **only** the amendments listed in subsection (d) . . .

---

[1] The other two exceptions listed in § 3582(c)(1) are clearly not applicable.

2

and shall leave all other guideline application decisions unaffected" (emphasis added).). Amendment 792 is not a listed amendment in U.S.S.G. § 1B1.10(d). Consequently, Amendment 792 affords no relief to Woodard.

For this reason, Defendant's motion to reduce his sentence (doc. no. 154) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_1ST\_\_\_ day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3